UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT FIORE,

    Plaintiff,

v.                            Case No. 8:09-cv-999-T-17EAJ

DAVID SECULAR, Assistant Public Defender,
DONNA LEE ELM, Federal Public Defender,

    Defendants.

_____

## **O R D E R**

Pro se prisoner Plaintiff filed a "Bivens"[1] action against Defendants alleging:

1) On March 5, 2009, the Petitioner was appointed the Federal Public Defenders Office in case number 8:01-cr-45-T-17MSS. Mr. David Secular was the Assistant Public Defender assigned to the case.

### FACTS

2) On March 24, 2009, a hearing was held before the Honorable Judge Kovachevich to determine the circumstances surrounding the Petitioner's violations of supervised release. The Petitioner plead guilty to one count, and no contest to 2 counts of the indictment. the Petitioner was sentenced to a long term residential drug and alcohol program in Tampa, Florida. At the time, a bed was not currently available so the Petitioner was returned to the Pinellas County Jail until a bed became available. The Probation Department advised the court that it could possibly be between 2 and 4 1/2 months before a bed became available. The final order was withheld until the bed was available.

3) On April 9, 2009, a hearing was held to make final the sentence imposed on march 24, 2009. The order was modified through to reflect a sentence of six months to be served at the Federal Comprehensive Rehabilitation Center in Tampa, Florida. Following the

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

hearing the Petitioner was taking [sic] to a holding cell at the Federal Courthouse to await transportation back to the Pinellas County Jail. Shortly after the Petitioner was informed that there were outstanding warrants out of Manatee County Florida for the Petitioner's arrest. The Petitioner was also informed that the sentence, imposed only 20 minutes earlier, would be vacated in light of the outstanding warrants.

4) On April 13, 2009, another hearing was held to determine the effects of the outstanding warrants on my, the Petitioner's sentence. It was decided that an evidentiary hearing would beheld to determine if I, the Petitioner, actually violated the state statute I was accused of violating.

5) On May 5, 2009, the evidentiary hearing was held. The government had the opportunity to present evidence and witness testimony to support the alleged violation of state law the Petitioner was being accused of. The Public Defender asked for a continuance to that the Petitioner could call witnesses and present evidence to impeach the government's case. A hearing was scheduled for May 26, 2009 at 2 p.m. That hearing has been postponed due to a motion to withdraw as counsel by Mr. Secular.

6) The Petitioner, on numerous occassions [sic] tried to communicate with the Public Defender concerning information that would refute any and all claims outlined in the complaint filed against the Petitioner in Manatee County, Florida. The Petitioner made numerous telephone calls to the Public Defender trying to communicate with him regarding information concerning the new law violation. He never once investigated the facts. Instead he told me that "I didn't have a chance in front of Judge Kovachevich." He told the same to the Petitioner's girlfreind [sic]. The Public Defender also told Petitioner's girlfreind [sic] details of privileged communication regarding past crimes which the Petitioner sought legal advice for. The Public Defender also used profanity when describing the Petitioner during a telephone communication. The Public Defendant never objected to critical statements during testimony on May 5, 2009. He never advised his staff to do a NCIC regarding the Petitioner prior to the Petitioner's guilty plea on April 9, 2009, possible extending Petitioner's prison sentence.

Wherefore, the Petitioner humbly requests and prays this Honorable Court to order trial by jury so that all the facts of this cause may be brought to light through witness testimony and recorded.

First Cause of Action

> Violation of Petitioner's 6th Amendment right to Assistant of Counsel. The Attorney in question was ineffective and negligent in his handling of the Petitioner's case.
>
> Second Cause of Action
>
> The Attorney in question violated the Attorney-client privilege by discussing certain communication with the Petitioner's girlfreind. The communication falls within the scope of the attorney-client privilege outlined in the Constitution.
>
> Third Cause of Action
>
> The Attorney showed deliberate indifference to the Petitioner's many requests to proceed in the case. The attorney either ignored or refused to follow through with the Petitioner's instruction on how to proceed.
>
> As relief, Petitioner demands:
>
> $750.00 Attorney fee's [sic]; Payment of all filing fee's in this cause; written apology and acknowledgment by the Federal Public Defender's Office. Order for new evidentiary hearing in Case No. 8:01-cr-45-T0-17MSS; Disbarment recommendation for Mr. Secular.

On May 28, 2009, the United States Magistrate Judge held a hearing on Defendant Secular's motion to withdraw as attorney and on Robert Fiore's motion to dismiss Robert Fiore as his attorney. Both motions were granted. (See Doc. cr-92). The Court will appoint new counsel for Petitioner Fiore.

Discussion

The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff has failed to show that he has a viable action against either Defendant.

## Claims Against Federal Public Defender Donna Lee Elm

Clearly, Plaintiff is attempting to hold Defendant Elm liable under a theory of respondeat superior which is not cognizable in this case. A § 1983 suit challenges the constitutionality of the actions of state officials; a *Bivens* suit challenges the constitutionality of the actions of federal officials. "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir.1980), *cert. denied*, 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). Thus, courts generally apply § 1983 law to *Bivens* cases. *E.g., Butz v. Economou*, 438 U.S. 478, 500 (1978) (A federal official sued under Bivens has the same immunity as a similar state official sued for identical violation under § 1983.); *Dean*, 621 F.2d at 1336 (As in § 1983 cases, liability in *Bivens* actions cannot be based upon theory of respondeat superior.).

Therefore, Defendant Elm will be dismissed as a Defendant in this case.

## Claims Against Defendant Secular

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir.), *reh'g denied en banc*, 893 F.2d 346 (11th Cir. 1989); *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989); *Cornelius v. Town of Highland Lake, Alabama*, 880 F.2d 348, 352 (11th

Cir.), *reh'g denied en banc*, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) *overruled on other grounds by White v. Lemacks*, 183 F.3d 1253, 1259 (1999) *citing Collins v. City of Harker Heights*, 503 U.S. 115 (1992).

Because a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312 (1981), Defendant Secular will be dismissed as a Defendant in this action.

Fiore's request for an apology from the Federal Public Defender's Office and disbarment of Defendant Secular are beyond the limits of action in this Court in the present case. To the extent that they are collateral issues related to his conviction and sentence, Fiore may attempt to raise the claims in other proceedings, but not in this Court.

Accordingly, the Court orders:

That Fiore's complaint is dismissed. The Clerk is directed to terminate all motions, to enter judgment against Fiore, and to close this case.

ORDERED at Tampa, Florida, on June 5, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Robert Fiore